**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

9/2/2025

LAURA A. AUSTIN, CLERK
BY   s/ S. MELVIN
DEPUTY CLERK

| | |
|---|---|
| CLAUDE DAVID CONVISSER, | ) |
| | ) |
|    Representative Plaintiff under Rule 23 of the | ) |
|    of the Federal Rules of Civil Procedure, | ) |
| | ) |
| v. | ) |
| | )    Civil Action No. 3:25-cv-00065 |
| SEAN REEVES, | ) |
| Chief, Albemarle County, Virginia Police Department, | ) |
| | ) |
|    and | ) |
| | ) |
| MICHAEL P. KOCHIS, | ) |
| Chief, City of Charlottesville, Virginia Police Department, | ) |
| | ) |
|    Representative Defendants under Rule 23 of the | ) |
|    of the Federal Rules of Civil Procedure. | ) |

**CLASS ACTION COMPLAINT**

Plaintiff Claude David Convisser ("named or representative plaintiff"), by counsel, as

representative of the plaintiffs' class of non-motorized, push-pedal bicycle riders ("bicycle

riders" or "bicyclists") on the public roadways of Virginia ("plaintiffs"), states as their complaint

under Rule 23(b)(2) of the Federal Rules of Civil Procedure and 42 U.S.C. section 1983 for

declaratory and injunctive relief to invalidate Virginia Code section 46.2-833 as violative of the

equal protection clause of the Fourteenth Amendment to the United States Constitution against

defendants Sean Reeves, the Chief of Police of the Albemarle County Police Department, and

Michael P. Kochis, the Chief of Police of the City of Charlottesville Police Department ("named

or representative defendants"), as representatives of the class of all of the Chiefs of Police of

independent governmental jurisdictions in the Commonwealth of Virginia ("defendants"), as

follows:

## SUBJECT MATTER JURISDICTION

1.      Original subject matter jurisdiction in this Court is premised on Title 28 United

States Code section 1331 and Title 42 United States Code section 1983 and related federal statute

for defendants' enforcement of the irrational classification of bicycle riders stated in Virginia

Code section 46.2-833 in violation of the equal protection clause of the Fourteenth Amendment

to the United States Constitution.

## PERSONAL JURISDICTION

2.      Defendants are all public office-holders responsible for enforcing Virginia Code

section 46.2-833 in, and residents of, the Commonwealth of Virginia.  Representative defendants

execute their public offices, enforce Virginia Code section 46.2-833, and reside within the

geographical jurisdiction of the Charlottesville Division of this Court.  Therefore, this Court has

personal jurisdiction over them all.

## VENUE

3.      Venue lies properly in this Court pursuant to Title 28 U.S.C. section 1391(b)(1)

and 1391(b)(2).

## PARTIES

4.      Named or representative plaintiff Claude David Convisser is an adult citizen of

South Dakota resident in Virginia since June 25, 2024, between 2015 and 2018, and prior to

2003.  His legal residence while in Virginia is in Charlottesville; he is presently domiciled within

the boundary of Albemarle County.  He does not own a car, uses his bicycle for nearly all

transport wherever he is based, but occasionally operates a motor vehicle on Virginia highways

using his South Dakota driver's license.

2

5.      Of Virginia's population of 8.8 million people, approximately three million rode a bicycle in 2024, or 35 percent of those Virginians over the age of three, extrapolating from the 2024 U.S. Bicycling Participation Study conducted by PeopleForBikes.org.  These three million Virginians are the class of plaintiffs represented by Claude David Convisser in his capacity as a bicycle rider.

6.      Named or representative defendant Sean Reeves is the Chief of Police of the Albemarle County Police Department.

7.      Named or representative defendant Michael P. Kochis is the Chief of Police of the City of Charlottesville Police Department.

8.      There are 133 Chiefs of Police in Virginia, one in each of its 95 counties and 38 independent cities.  These 133 Chiefs of Police are responsible for enforcing Virginia Code section 46.2-833 and are the class of defendants represented by named defendants.

9.      Additional parties in interest are the approximately 242 million licensed vehicle operators across the United States.  www.globastatistics.com.  Any of them can, and many of them like Claude David Convisser do in his capacity as a South Dakota-licensed vehicle operator, travel on Virginia highways.  They are aggrieved by the application of Virginia Code section 46.2-833 against bicycle riders because, as set forth below, it puts their safety and lives in jeopardy, just as it does bicycle riders'.  Yet this statute does not discriminate against them as a class in the same unequal way as it does bicycle riders.

10.     A third group of parties in interest consists of motorcycle and moped drivers, including riders of electricity-assisted bicycles, whom Virginia Code section 46.2-833, by its subsection (B), treats as a common class with bicycle riders.  However, named plaintiff is not a licensed motorcycle driver and chooses not to ride a moped or electricity-assisted bicycle, and

3

hence, he does not represent their interests.  Nonetheless, plaintiffs submit that all persons in this

group of motorcycle and moped drivers are aggrieved similarly to bicycle riders by the uniform

treatment Virginia Code section 46.2-833 affords them at all times and in every instance.

**CLASS ACTION ALLEGATIONS**

11.    Plaintiff restates the allegations of paragraphs 1 – 10 above as if reiterated and

incorporate them by reference herein.

12.    Virginia Code section 46.2-100 defines a "bicycle" as:

> a device propelled solely by human power, upon which a person
> may ride either on or astride a regular seat attached thereto having
> two or more wheels in tandem, including children's bicycles,
> except a toy vehicle intended for use by young children.  For
> purposes of Chapter 8 (§ 46.2-800 et seq. [Regulation of Traffic]),
> a bicycle shall be a vehicle while operated on the highway.

13.    Virginia Code section 46.2-833 expressly classifies bicycle riders, as well as

drivers of motorcycles and mopeds, for treatment different from that accorded the operators of all

other vehicles on the highways of Virginia by, when they arrive at a road intersection controlled

by a traffic signal, at all times and in every instance imposing on them a legal duty that

dangerously conflicts with the legal duty it imposes on all other vehicle operators.

14.    Named plaintiff has traveled 175 miles by bicycle in a 24-hour period in Virginia.

He believes that all of the Commonwealth's highways are accessible to him by bicycle from

Charlottesville, thus putting his conduct with regards to the statute at issue in conflict with the

entire class of defendants who are charged with enforcing that statute.  He is thus, qualified to

represent the entire class of plaintiffs as their sole representative.

15.    Named plaintiff respectfully requests that this Court certify this as a class action

under Rule 23(b)(2), although he posits, as set forth below, that this lawsuit also in the alternative

4

meets the criteria as a first alternative of Rule 23(b)(1) and as a second alternative, of Rule

23(b)(3).

      a.     This lawsuit satisfies Rule 23(b)(2) in that the parties, the class of

defendants, opposing the class of plaintiffs have acted or refused to act on grounds that apply

generally to the plaintiffs' class, in that it is the duty of the class of defendant Virginia Chiefs of

Police to uphold and enforce Virginia Code section 46.2-833, so that final injunctive relief or

corresponding declaratory relief is appropriate respecting both classes as a whole.  Rule 23(b)(2).

      b.     This lawsuit satisfies Rule 23(b)(1) in that prosecuting separate actions by

or against individual class members would create a risk of either:

      (A)     inconsistent or varying adjudications with respect to individual

class members that would establish incompatible standards of conduct for the party, the class of

defendants, opposing the class, Rule 23(b)(1)(A); or

      (B)     adjudications with respect to individual class members that, as a

practical matter, would be dispositive of the interests of the other members not parties to the

individual adjudications or would substantially impair or impede their ability to protect their

interests.  Rule 23(b)(1)(B).

16.     Certified as a class action under either Rule 23(b)(1) or Rule 23(b)(2), notice is

not required to all members of the classes of either plaintiffs or defendants.  Rule 23(c)(2)(A).

Nonetheless, for good measure, if this Court certifies this lawsuit as a class action under either of

the foregoing provisions of Rule 23(b), named plaintiff proposes that the Clerk post a notice of

class certification at this Court's federal courthouse in Charlottesville.

17.     The conflict in legal duty, which Virginia Code section 46.2-833 makes the

subject of criminal sanction if bicycle riders or other licensed vehicle operators violate their

respective, conflicting duties, presents a question of law common to all three million members of

the plaintiffs' class, as well as to all 133 members of the defendants' class charged with enforcing

Virginia Code section 46.2-833.  Rule 23(b)(3).

18.      This lawsuit also satisfies Rule 23(b)(3) in that the question of law common to all

members of the plaintiffs' class and all of the members of the defendants' class predominates

over any questions affecting only individual members.  A class action is superior to other

available methods for fairly and efficiently adjudicating the controversy set forth herein.  To wit,

pursuant to Rule 23(b)(3):

(A)      It makes no sense for individual members of the plaintiffs' class to control

the prosecution of separate actions on the pure question of law posed by this lawsuit, the

constitutionality of Virginia Code section 46.2-833.  Nor it is reasonable for individual members

of the defendants' class to have to defend each such lawsuit separately.

(B)      The extent and nature of litigation concerning the controversy summarized

below previously begun involving Commonwealth of Virginia's Albemarle County Police

Department, headed by named defendant Sean Reeves, and named plaintiff Claude David

Convisser, renders the instant legal action the appropriate mechanism once-and-for-all in

resolving the controversy as it may affect the named plaintiff and all of the other members of the

plaintiffs' class by application of Virginia Code section 46.2-833 thereon and criminal

enforcement thereon by any and every member of the defendant class.

i.      The Albemarle County General District Court convicted named

plaintiff Claude David Convisser of violating Virginia Code section 46.2-833 on July 1, 2025.

He appealed, which nullifies the conviction in General District Court under Virginia law, and is

presently scheduled for a trial *de novo* in the Albemarle County Circuit Court on December 5,

2025.

        ii.      Named plaintiff Claude David Convisser removed his prosecution

under Virginia Code section 46.2-833 in state court to this Court pursuant to 28 U.S.C. section

1443(1).  Case No. 3:24-cr-00012.  This Court remanded by Order dated June 17, 2025.  Named

plaintiff Claude David Convisser appealed the removal to the U.S. Court of Appeals for the

Fourth Circuit ("the Fourth Circuit").  Case No. 25-6537.  The Fourth Circuit granted his

unopposed voluntary dismissal of his appeal by order entered August 25, 2025.

        (C)     It is desirable to concentrate the litigation of the claim of the named

plaintiff against the named defendants in the jurisdiction of the Charlottesville Division of this

federal district Court because they all live and work here.  This Court is well-suited in every

respect for resolving the representative claims involving the entire class of plaintiffs and

defendants.

        (D)    There should not be any difficulties in managing this class action.  As this

class action concerns a straightforward question of law, whether Virginia Code section 46.2-833

violates the equal protection rights of the class of bicycle riders in Virginia, named plaintiffs do

not anticipate the need to provide individualized notice of this class action to the broader classes

of either plaintiffs or defendants.  Nor does named plaintiff foresee the need to conduct discovery

of any kind, although he is willing and available to sit for deposition and respond to other

relevant discovery proportional to the needs of this case, should the defendants request.

    19.     The prerequisites for certifying this as a class action are satisfied, Rule 23(a), in

that:

(1)      the classes of plaintiffs and defendants are so numerous that joinder of all members of either class is impracticable;

(2)      there is a question of law common to the classes of both plaintiffs and defendants;

(3)      the claims or defenses of the representative parties are typical respectively of the plaintiffs' class and the defenses of the defendants' class, and;

(4)      named plaintiff will fairly and adequately protect the interests of the class of plaintiffs, and plaintiffs trust that the named defendants will, and there is no reason to think that they will not, do the same for the class of defendants.

20.      Named plaintiff prays that at the earliest practicable time, this Court will certify this as a class action by him under Rule 23(b)(2), or in the alternative under Rule 23(b)(1), or in the second alternative under Rule 23(b)(3), as representative of the class of all bicycle riders in Virginia against the named defendants as representatives of the defendants' class of all of the Chiefs of Police in Virginia.  Rule 23(c)(1)(A).

21.      As for conduct of this class action, named plaintiff submits that the sole legal question should be amenable to a speedy dispositive ruling one way or the other by judgment on the pleadings or summary judgment.  Rule 23(d); Rule 56.  Fed. R. Civ. P.

22.      Named plaintiff respectfully requests that this Court appoint his undersigned counsel who has filed this class action, himself, to be interim counsel, pursuant to Rule 23(g)(3), to act on behalf of the putative class of plaintiffs before it determines whether to certify this as a class action.  Named plaintiff hereby nominates his undersigned counsel, endorses his application to serve as class counsel, and submits that he is both adequate and the best able to do so under Rule 23(g)(2) in that:

(1)    Undersigned counsel has done all the work investigating and identifying

potential claims in this action.  In addition to pursuing remedies in state court and the Fourth

Circuit set forth above, he has conferred with various associations of bicyclists in Virginia,

including a bicycle organization in Charlottesville, the Shenandoah Valley Bicycle Coalition, and

the Virginia Bicycle Federation's Advocacy Committee, and with several state legislators and

numerous members of the general public.  Rule 23(g)(1)(A)(i).

(2)    Undersigned counsel has handled not only the types of claim asserted

herein in two other courts identified above, but also other class actions and complex litigation.

Rule 23(g)(1)(A)(ii).  Prior to 2003, he filed two complicated collective action, opt-in lawsuits

under the U.S. Fair Labor Standards Act ("FLSA") involving grocery baggers at U.S. military

commissaries, one of which involved a substantial settlement for 300 plaintiffs, and a third,

combined Rule 23 class and FLSA collective action alleging gender discrimination, in which the

named plaintiff's claims were sent to arbitration.  He also took over as counsel in a combined

Rule 23 class and FLSA collective action with one month remaining in the discovery period,

after prior counsel had neglected his duties, and was able to avoid dismissal by the U.S. District

Court for the Eastern District of Virginia and arrange a settlement for the 25 or so named

plaintiffs.

(3)    Undersigned counsel is knowledgeable in the applicable law.  Rule

23(g)(1)(A)(iii).

(4)    Undersigned counsel will commit and advance his professional time as an

attorney at law to prosecuting this lawsuit for the plaintiffs' class, subject to an award of

attorney's fees, if plaintiffs prevail.  Rule 23(g)(1)(A)(iv).  The other resources necessary to

conduct this class action are minimal.  In named plaintiff's estimation, service need only be

performed on the two named defendants.  Named plaintiffs do not expect the need for either side

to conduct any discovery on the pure question of law presented herein, or for there to be any

other costs or expenses of this lawsuit.  He can conduct legal research at the University of

Virginia School of Law Library, so long as it remains open to members of the public such as him

(*i.e.*, apart from its closure to all members of the non-Law School public for 18 days surrounding

fall and spring exam period).

       (5)    Plaintiff's undersigned counsel will fairly and adequately represent the

interests of the class of plaintiffs, as defined above.  Rule 23(g)(4).

     23.    By performing service on the named defendants, the Office of the City or

Commonwealth's Attorney for either or both jurisdictions, Albemarle County or the City of

Charlottesville, will be fully capable of representing the interests of the defendants' class.  These

Attorneys may also notify the Attorney General of Virginia, who alternatively would be the best

able to represent the interests of the defendants' class.  Rule 23(g)(2).

## LEGAL CLAIM

**42 U.S.C. § 1983 for deprivation of civil rights and an injunction against enforcement of
Virginia Code section 46.2-833 against the class of bicycle riders in Virginia;**

**28 U.S.C. § 2201(a) for declaratory judgment;**

**42 U.S.C. § 1988(b) for costs and reasonable attorney's fees**

     24.    Plaintiffs reiterate paragraphs 1 – 23 and incorporate these paragraphs by

reference as if re-stated herein.

     25.    The First Clause of the Fourteenth Amendment to the U.S. Constitution states that

no State shall "deny to any person within its jurisdiction equal protection of the laws."

26.    "[L]egislation is presumed to be valid and will be sustained if the classification

drawn by the statute is rationally related to a legitimate state interest." City of Cleburne v.

Cleburne Living Ctr., Inc., 473 U.S. 432, 440, 105 S.Ct. 3249, ____ (1985).

27.    As the Fourth Circuit has stated:

> Under rational basis review, a classification enjoys a strong
> presumption of validity and is constitutional as long as 'there is a
> rational relationship between the disparity of treatment and some
> legitimate governmental purpose. [ A] classification must be
> upheld against equal protection challenge if there is any reasonably
> conceivable state of facts that could provide a rational basis for the
> classification. [T]he burden is on the one attacking the legislative
> arrangement to negative every conceivable basis which might
> support it, whether or not the basis has a foundation in the record.
> [C]ourts are compelled under rational-basis review to accept a
> legislature's generalizations even when there is an imperfect fit
> between means and ends. A classification does not fail rational-
> basis review because it is not made with mathematical nicety or
> because in practice it results in some inequality.'

United States v. Timms, 664 F.3d 436, 447 (4th Cir. 2012) (quoting Heller v. Doe, 509 U.S. 312,

320-21, 113 S.Ct. 2637, ____ (1993) (pinpoint cites omitted)).

28.    Virginia Code subsection 46.2-833(A) states in relevant part that a signal by

traffic light that is:

> Steady red indicates that moving traffic shall stop and
> remain stopped as long as the red signal is shown, except in the
> direction indicated by a steady green arrow [and]

> Green indicates the traffic shall move in the direction of the
> signal and remain in motion as long as the green signal is given,
> except that such traffic shall yield to other vehicles and pedestrians
> lawfully within the intersection.

Virginia Code § 46.2-833(A).

29.    Virginia Code subsection 46.2-833(B) states:

> Notwithstanding any other provision of law, if a driver of a
> motorcycle or moped or a bicycle rider approaches an intersection

11

> that is controlled by a traffic light, the driver or rider may proceed
> through the intersection on a steady red light only if the driver or
> rider (i) comes to a full and complete stop at the intersection for
> two complete cycles of the traffic light or for two minutes,
> whichever is shorter, (ii) exercise due care as provided by law, (iii)
> otherwise treats the traffic control device as a stop sign, (iv)
> determines that it is safe to proceed, and (v) yields the right of way
> to the driver of any vehicle approaching on such other highway
> from either direction.

Virginia Code § 46.2-833(B).

30.     The words, "Notwithstanding any other provision of law" at the beginning of

Virginia Code subsection 46.2-833(B) mean that for the types of drivers classified in subsection

(B) of Virginia Code section 46.2-833, such as plaintiff bicycle riders, whatever is stated in that

subsection (B) takes priority and precedence as the legal duty over whatever duty may be stated

elsewhere in Virginia law, including in Virginia Code subsection 46.2-833(A).

31.     As set forth following, by ordinary and clear statutory construction, Virginia Code

section 46.2-833 classifies bicyclists irrationally, or its manner of treating them bears no rational

connection to any legitimate governmental purpose.

32.     However, even if there is any ambiguity in the statutory construction that follows,

because Virginia Code section 46.2-833 is a criminal statute, the rule of lenity compels the

interpretation that refrains from criminalizing (a) conduct which makes no sense, (b) conduct

which an ordinary person would not understand, or (c) conduct which, if he or she did

understand, he or she would refuse to abide by from a plain reading of the statute because it puts

him or her in unnecessary danger and is irrational.

33.     Assuming a steady red light lasts shorter than two minutes, Virginia Code

subsection 46.2-833(B) compels a bicyclist to come to a full and complete stop and then sit and

wait after the red light turns green for the remainder of the specified, minimum duration of time.

34.     For instance, at a traffic intersection in Albemarle County, a County Police

Officer acting under the authority of first named defendant Sean Reeves, his Police Chief, cited

named plaintiff Claude David Convisser for running a red light while riding his bicycle and

turning left from Seminole Trail northbound onto Greenbrier Drive westbound.  In preparing to

turn left, pursuant to Virginia Code § 46.2-905(2), he was not obligated to be riding "as close as

safely practicable to the right curb or edge of the roadway," but could occupy the entire lane of

traffic.  At that intersection, the light is steady red for one minute, steady green for one minute,

and yellow for ten seconds, before the next cycle lasting two minutes and ten seconds

commences.

35.     Virginia Code subsection 46.2-833(B) made it named plaintiff Claude David

Convisser's legal duty, subject to criminal sanction, upon coming upon the steady red light

facing his direction northbound on Seminole at Greenbrier, to completely stop before entering

the intersection and to sit and wait there while the light turned green and for the entirety of the

one minute steady green duration, before he would reach the two-minute minimum of waiting

time stated in that Code subsection permitting him to enter the intersection.  (Waiting two

complete cycles of the light, the alternative option presented in Virginia Code subsection 46.2-

833(B), or two times two minutes and ten seconds, or four minutes and twenty seconds, would

have been longer than the minimum two-minute wait time afforded by that Code subsection.).

36.     Meanwhile, a licensed vehicle operator driving a car or truck approaching in the

same lane behind the bicyclist has the contrary duty set forth in subsection (A) of Virginia Code

section 46.2-833 while the light is green to "move in the direction of the signal and remain in

motion as long as the green signal is given."  Virginia Code §46.2-833(A).

13

37.    The only exception to the legal duty to keep moving forward on a green light under Virginia Code subsection 46.2-833(A) is to "yield to other vehicles and pedestrians lawfully within the intersection." Virginia Code § 46.2-833(A).

a.    However, a bicyclist in the same lane, having arrived at a steady red light ahead of licensed vehicle operator motorist and abiding by his duty under Virginia Code subsection 46.2-833(B) at a full and complete stop, will not yet have entered and therefore, will not be "within the intersection." Virginia Code § 46.2-833(A).

b.    Therefore, the licensed vehicle operator motorist has the legal duty facing a green light to disregard the stationery bicyclist who is abiding by his or her legal duty of waiting before entering the intersection and to collide with and plow through the bicyclist, or else be liable for incurring a criminal traffic citation for violating his or her duty under Virginia Code subsection 46.2-833(A) of "mov[ing] in the direction of the signal and remain[ing] in motion as long as the green signal is given." Virginia Code §46.2-833(A).

c.    Alternatively, the licensed vehicle operator motorist can ignore his or her duty in the foregoing circumstances and try to change lanes at the intersection rather than hit the stationary bicyclist ahead in the same lane, or he or she can stop and wait behind the bicyclist, thus risking getting rear-ended himself or herself. However, these two alternative scenarios are equally dangerous, and nearly as unpalatable, as the licensed vehicle operator motorist's continuing forward through the green light and striking the bicyclist because they risk rendering the licensed vehicle operator motorist criminally liable for the infraction of reckless driving and sanction therefore.

38.    In sum, Virginia Code section 46.2-833 gives bicyclists and other vehicle operators separate legal duties which conflict and which, if all vehicle operators on the highway

14

abide by the respective duties it imposes on them, will inevitably lead to collisions, injuries and

deaths, particularly aggrieving bicycle riders whose vehicles are lightweight and unprotected by

a metal shell and on whom section 46.2-833 imposes rear-end collisions by other vehicles

approaching from behind.

39.    The purpose of traffic laws, in contrast, is to prevent collisions and preserve the

safety and lives of everyone who uses the public highways.

40.    Named plaintiff posits that the vast majority of both bicycle riders and licensed

vehicle operators on Virginia highways are unaware of the irrational and conflicting duty that

Virginia Code section 46.2-833 imposes on them.  Therefore, this law, with respect to both

plaintiff bicycle riders and licensed vehicle operators in their interaction with bicycle riders who

might abide by its irrational duty, is honored in the breach, at penalty of traffic citation for

members of not only the plaintiff class, but also all licensed vehicle operators in Virginia.

41.    Named plaintiff posits that if the typical bicycle rider and typical licensed vehicle

operator in Virginia was aware of the irrational duty that Virginia Code section 46.2-833

imposed on him or her, and for licensed vehicle operators with regards to his or her duty imposed

on law-abiding members of the bicycle riding plaintiffs' class resting stationary in the same lane

ahead, he or she would consciously disregard it in the main, thereby risking criminal sanction.

42.    Because Virginia Code section 46.2-833 imperils both bicyclists abiding by their

duty under subsection (B) and licensed vehicle operators abiding by their contradictory duty

which its subsection (A) imposes on them, and in the alternative, it puts them both in the

untenable position of incurring criminal sanction in order to avoid the risk of physical injury or

death from unnecessary collisions between them, it is irrational as applied to both bicyclists and

licensed vehicle operators.

43.    As applied to the plaintiffs' class of bicycle riders, Virginia Code section 46.2-833 either lacks any legitimate governmental purpose or it employs means of imposing a duty that is not connected to any legitimate governmental purpose.

44.    There is not any conceivable, reasonable state of facts that would both give the classification of bicycle riders under Virginia Code section 46.2-833 a legitimate governmental purpose and render its means rationally connected thereto.

45.    "'[I]n the absence of exceptional circumstances creating a threat of irreparable injury both great and immediate, a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution.'" Gilliam v. Foster, 75 F.3d 881, 903-04 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 123, 95 S. Ct. 1524, 1530 (1975)).  A federal court may enjoin a state criminal proceeding "only when there has been a 'showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief.'"  75 F.3d at 903 (quoting Younger v. Harris, 401 U.S. 37, 54, 91 S. Ct. 746, ___ (1971)).

46.    However, such unusual circumstances, mentioned in the preceding paragraph, will arise in the case of a statute that is "'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'" Younger, 401 U.S. at 53-54 (quoting Watson v. Buck, 313 U.S. 387, 402 (1941)).

47.    The state statute at issue, Virginia Code section 46.2-833, meets the exception provided for in Younger of being "flagrantly and patently violative [] expressly" of the equal protection clause as applied irrationally to the class of plaintiff bicycle riders and thereby, as this statute is applied irrationally to all licensed vehicle operators on Virginia's public roadways. The violation of bicyclists' equal protection has a proximate, irrational impact on licensed

16

vehicle operators by imperiling and compelling them to have front-end collisions with stationary

bicycle riders in their pathway, or else, risk criminal sanction for disregarding their duty under

Virginia Code subsection 46.2-833(a).  For the dangerously detrimental manner in which it puts

members of the class of plaintiff bicyclists, for abiding by its strictures, at risk of being rear-

ended by licensed vehicle operators equally abiding by its contrary strictures, an injunction

against all pending prosecutions of bicycle riders under Virginia Code section 46.2-833,

including against named plaintiff Claude David Convisser now pending in Albemarle County

Circuit Court, is warranted.

## PRAYER FOR RELIEF

Representative plaintiff Claude David Convisser, by counsel, respectfully requests that

this Court:

1.      enter an order as early as practicable:

a.      defining this as a class action under Rule 23(b)(2) posing a common

question of law to members of both classes of plaintiffs and defendants whether Virginia Code

section 46.2-833 violates plaintiffs' class of bicycle riders' right to equal protection of the laws

by putting all of them on Virginia highways at risk of collisions by giving them an irrational legal

duty which the defendants' class generally must enforce, or else, this statute causes plaintiffs to

engage in danger avoidance which incurs for them criminal liability for breach of statutory duty

and the risk of sanction therefore;

b.      certifying named plaintiff as representative of the three million bicycle

riders in Virginia;

c.      certifying named defendants as representatives of the class comprising all

133 Chiefs of Police charged with enforcing Virginia Code section 46.2-833 in Virginia;

        d.     appointing named plaintiff's present, undersigned counsel as interim and final counsel for the plaintiffs;

        e.     appointing counsel who enter an appearance on behalf of named defendants as class counsel for the defendants;

        f.     if this Court determines is advisable, providing notice to the broader class of plaintiffs by posting notice at this Court's Federal Courthouse, and;

        g.     if this Court determines is advisable, providing notice to the broader class of defendants by posting notice at this Court's Federal Courthouse.

    2.     enter an order declaring Virginia Code section 46.2-833 to be unconstitutional in violation of the equal protection of the laws as applied to bicycle riders and enjoining the class of defendants from enforcing it against them, and specifically enjoining further prosecution of named plaintiff Claude David Convisser by Albemarle County Chief of Police Sean Reeves in the Albemarle County Circuit Court;

    3.     award named plaintiff his costs and reasonable attorney's fees, and;

    4.     grant plaintiffs such further relief as is just.

Respectfully submitted,

CLAUDE DAVID CONVISSER,
Representative Plaintiff, by counsel

Claude David Convisser,
Attorney at Law
Virginia State Bar No. 33799
P.O. Box 7206
Charlottesville, Virginia 22906
5013 South Louise Ave., # 262
Sioux Falls, South Dakota 57108
Tel. 703-438-0071
cdc@popdiesel.com