IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CLAUDE DAVID CONVISSER, | ) |
|     Representative Plaintiff under Rule 23 of the of the Federal Rules of Civil Procedure, | ) ) ) ) |
| v. | ) ) ) Civil Action No. 3:25-cv-00065 |
| SEAN REEVES, Chief, Albemarle County, Virginia Police Department, *ET AL.*, | ) ) ) ) |
|     Representative Defendants under Rule 23 of the of the Federal Rules of Civil Procedure. | ) ) ) |

**NAMED PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION
TO CERTIFY CLASS ACTION AND APPOINT PLAINTIFFS' CLASS COUNSEL**

Named plaintiff Claude David Convisser ("named plaintiff" or "representative plaintiff"), by counsel, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, states in support of his motion that this Court certify this as a class action and appoint undersigned as counsel for the plaintiffs' class, as follows:

**STATEMENT OF THE CASE**

Named plaintiff re-states and incorporates by reference the section of his amended class action complaint (Dkt. 5-1) titled, "Class Action Allegations," paragraphs 22 to 32 appearing on pages 11 through 18 therein, and the ensuing "Legal Claim" section, asserting a claim for violation of civil rights under 42 U.S.C. section 1983 and the equal protection clause of the Fourteenth Amendment to the U.S. Constitution.

1

## FACTS

I, Claude David Convisser, the undersigned named plaintiff and plaintiffs' counsel, declare under penalty of perjury that the factual statements made in the proposed amended class action complaint filed October 9, 2025 (Dkt. 5-1) are true. I hereby incorporate those statements by reference as if restated herein.

Further your declarant sayeth naught.

_____          October 13, 2025
Claude David Convisser                                        Charlottesville, Virginia

In addition, the declaration of Richard Hobcraft Allen III, a member of the plaintiffs' class of bicyclists, Exhibit 1 hereto, attests that named plaintiff's claim is typical of the entire class of plaintiffs and that named plaintiff will fairly and adequately protect the interests of the entire class. Rule 23(a)(3) and (a)(4).

## ARGUMENT

A class action is the appropriate vehicle for this Court to issue a universal injunction invalidating a state statute. Trump v. CASA, Inc., No. 24A884, slip op. (U.S. June 27, 2025).

"[C]ourts must rigorously examine whether plaintiffs have met the prerequisites of Rule 23(a) at the certification stage." Brown v. Nucor Corp., 785 F.3d 895, 903 (4th Cir. 2015). At the certification stage, "a court should engage the merits of a claim only to the extent necessary to verify that Rule 23 has been satisfied." Id. (citing Amgen Inc. v. Conn. Ret. Plans & Trust Funds, \_\_\_ U.S. \_\_\_, 133 S. Ct. 1184, 1194-95 (2013)). Plaintiffs must establish by a preponderance of the evidence that the action complies with each part of Rule 23. 785 F.3d at 931 (cites omitted).

**I.     THE PREREQUISITES STATED IN RULE 23(a) ARE SATISFIED**

The amended class action complaint (Dkt. 5-1), now verified, attests that the four prerequisites for certifying this as a class action stated in Rule 23(a) have been met, as follows:

**(1)     The classes of both plaintiffs and defendants are so numerous that joinder of all members is impracticable.**

"Though 'no specified number is needed to maintain a class action, as a general guideline … a class that encompasses fewer than 20 members will likely not be certified … while a class of 40 or more members raises a presumption of impracticability of joinder based on umbers alone." FWK Holdings, LLC v. Merck & Co. (In re Zetia (Ezetimibe) Antitrust Litg.), 7 F.4th 227, 234 (4th Cir. 2021).

There are approximately three million members of the class of bicycle riders in Virginia who used a bicycle in 2024, estimating from the population of nationwide bicycle riders comprising 35 percent of the population over the age of three. 2024 U.S. Bicycling Participation Study, PeopleForBikes.org, https://www.peopleforbikes.org/news/bicycling-participation-report-2024 (reviewed on Aug. 3, 2025).

Virginia has 133 Chiefs of Police in Virginia, one in each of its 95 counties and 38 independent cities. Virginia Association of Counties, https://www.vaco.org/virginia-counties (reviewed on Aug. 4, 2025).

Therefore, both classes of plaintiffs and defendants meet Rule 23(a)(1)'s numerosity requirement.

> **(2)  There is a question of law common to the classes of both plaintiffs and defendants.**

This case turns on the constitutionality of Virginia Code section 46.2-833 as applied to the class of bicyclist plaintiffs. The same question of law is common amongst all members of each class and between the two classes.

> **(3)  The claims or defenses of the representative parties are typical of the claims or defenses of the class.**

Representative plaintiff Claude David Convisser is aggrieved by criminal prosecution under Virginia Code section 46.2-833, while the vast majority of other members of the class of all bicycle riders in Virginia are not. However, they could be so aggrieved, if the statute on the books of Virginia remains unchanged. Therefore, he is an appropriate representative to test the constitutionality of that state statute on behalf of the entire class of plaintiff bicyclists.

Where the Chief of Police of a particular jurisdiction chooses to honor the decision by members of the plaintiff bicyclists' class to abide by the dictate of subsection (B) of Virginia Code section 46.2-833, such as representative defendant Michael P. Kochis, the Chief of Police of the City of Charlottesville, as set forth in the amended class action complaint, then the facts are **(1)** that such bicyclists, as evidenced in the video recording that is Exhibit A to Docket No. 5-1 (filed with the Clerk's Office on a black USB pen drive), do so at their peril, **(2)** that such fulfillment of lawful duty is inherently dangerous, and **(3)** that these circumstances make the law, as honored by some of the Chiefs of Police, irrational in practice, as well as by its language.

Where the Chief of Police of a particular jurisdiction chooses to give effect to subsection (A) of Virginia Code section 46.2-833, even when a member of the plaintiff bicyclists' class is abiding by the dictate of subsection (B) of Virginia Code section 46.2-833, such as representative defendant Sean Reeves, the Chief of Police of Albemarle County, as set forth in the amended

4

class action complaint, then the law as applied produces an irrational outcome, in that the law-abiding plaintiff is subject to criminal sanction for following his legal duty under subsection (B).

Paragraph 5 of the declaration of Richard Hobcraft Allan III, Exhibit 1 hereto, a member of the plaintiff class of Virginia bicycle riders, attests to the fact that he views named plaintiff Claude David Conviser's claim as typical of the class of plaintiff bicycle riders.

**(4)   The representative parties will fairly and adequately protect the interests of the class.**

Named plaintiff will fairly and adequately protect the interests of the class of plaintiffs, and named plaintiff trusts that the named defendants will, and there is no reason to think that they will not, do the same for the class of defendants. The sole aim of named plaintiffs is to strike down Virginia Code section 46.2-833 as it applies to bicycle riders and then, perhaps the Virginia legislature replace it with something rational.

Paragraph 6 of the declaration of Richard Hobcraft Allan III, Exhibit 1 hereto attests to the fact that plaintiff Claude David Conviser will fairly and adequately protect the interests of the class of push-pedal bicyclists in this lawsuit.

**II.   RULE 23(b)(2) IS SATISFIED BECAUSE THE PARTIES OPPOSING THE CLASS HAVE ACTED OR REFUSED TO ACT ON GROUNDS THAT APPLY GENERALLY TO THE CLASS AS THEY AFFECT THE CLASS OF PLAINTIFFS, MAKING FINAL DECLARATORY AND INJUNCTIVE RELIEF APPROPRIATE RESPECTING THE CLASS AS A WHOLE**

Named plaintiff refers this Court to, and reiterates as if restated in this section II, prerequisite Rule 23(a)(3) in section (I)(3) of this memorandum above, which addresses the two general manners in which the class of defendants can act towards the class of plaintiffs. Two additional Scenarios are set forth, variations responding to the two attitudes that members of the defendants' class can take towards subsection (B) of Virginia Code section 46.2-833, making four Scenarios in all, in paragraph 17 of the amended class action complaint. Docket No. 5-1.

5

All four of these Scenarios put plaintiffs in untenable positions, except for Scenario 2 in which a Police Officer of the Charlottesville Police Department took out her traffic baton to direct traffic around named plaintiff as he followed the mandate of subsection (B) of Virginia Code section 46.2-833, and as set forth in paragraph 20 of the amended class action complaint, that conduct on the part of defendants towards plaintiffs is so rare as to be not realistic.  This leaves plaintiffs in jurisdictions whose Police are tolerant by default to suffer the peril of standing by their duty under subsection (B) at the mercy of other drivers on the road.

Members of the plaintiffs' class generally will not know which kind of jurisdiction they are in, one whose Police will respect the bicyclists' duty under subsection (B) of Virginia Code section 46.2-833, which leaves them in a hazardous position on the public highways for themselves and also endangers other drivers, or one whose Police will arrest them by giving priority to subsection (A) as though, inaccurately, it took precedence "notwithstanding any other provision of law."  As both sets of Scenarios are irrational or put bicyclists in an irrational position, striking down the statute as it applies to bicyclists is appropriate with respect to both classes of plaintiffs and defendants as a whole.  Rule 23(b)(2).

**III.   RULE 23(b)(1) IS SATISFIED BECAUSE SEPARATE LEGAL ACTIONS WOULD CREATE THE RISK OF INCONSISTENT OR VARYING ADJUDICTIONS, ANY ONE OF WHICH MIGHT BE DISPOSITIVE OF THE OTHER CLASS MEMBERS NOT PARTIES TO THEM**

As a fallback to class certification under Rule 23(b)(2), Rule 23(b)(1) is satisfied because, as the four Scenarios demonstrate, there might be inconsistent and varying adjudications with respect to the conduct of individual members of the plaintiffs' class and individual members of the defendants' class, all of which discriminate irrationally against plaintiffs in one way or another, except for Scenario 2, which is not realistically going to happen with any frequency.  Rule 23(b)(1)(A).  Such adjudications with respect to individual class members would establish

incompatible standards of conduct for the party opposing the class. Id. For instance, if this Court were to uphold subsection (B) of Virginia Code section 46.2-833 in the context of Scenario 1, putting bicyclists and motorists at great risk for their safety when their duties conflict, then Police in a jurisdiction like Albemarle County led by representative defendant Sean Reeves would be compelled to honor subsection (B) over both subsection (A) and Virginia Code section 46.2-888 (Impeding Traffic), which apparently they are loath to do.

Such adjudications involving individual class members in only one of the four Scenarios set forth in paragraph 17 of the amended class action complaint would in effect be dispositive of the interests of the other members not party to the individual adjudications or would substantially impair their ability to protect their interests. Rule 23(b)(1)(B). The four Scenarios presented by named plaintiff Claude David Convisser cover the gamut and *in toto*, present compelling reason to grant plaintiffs the relief they seek of striking down Virginia Code section 46.2-833.

IV. **RULE 23(b)(3) IS SATISFIED IN THAT THE COMMON QUESTION OF LAW PREDOMINATES OVER ANY QUESTION AFFECTING ONLY INDIVIDUAL MEMBERS AND A CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS FOR FAIRLY AND EFFICIENTLY ADJUDICATING THE CONTROVERSY**

As a second fallback for class certification to Rules 23(b)(2) and 23(b)(1), Rule 23(b)(3) lists four matters pertinent to this Court's findings that the sole and common question of law predominates over any question affecting only individual members of either the plaintiff or defendant class, and that this class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Rule 23(b)(3). These four matters are identified in the following sections (A) through (D):

**(A)    The class members' interests in individually controlling the prosecution or defense of separate actions.**

Since the sole question of law is the constitutionality of Virginia Code section 46.2-833 and the representative plaintiff is, so far as he is aware, at this moment the sole person aggrieved by criminal prosecution for abiding by its subsection (B) applying to bicyclists, it is appropriate that he be in charge of plaintiffs' prosecution of this class action.  No other member of the plaintiff's class that he is aware of at the moment can present all angles of the issue with such comprehensiveness as he can and does.

If the Commonwealth of Virginia by its Attorney General, upon being served the class action complaint, wishes to enter an appearance to defend the challenged state statute, then he will be in the best position to fulfill the interests of the class of defendants in defending it.  Otherwise, the Chiefs of Police of the two jurisdictions named as representative of the class of all 133 defendants will be well qualified to stand in the place of all 133 Chiefs of Police spread all across Virginia, as represented by the Office of the Commonwealth's Attorney for each of the two representative defendants.

**(B)    The extent and nature of any litigation concerning the controversy already begun by or against class members.**

The Albemarle County General District Court convicted named plaintiff Claude David Convisser of violating Virginia Code section 46.2-833 on July 1, 2025.  He appealed, which nullifies the conviction, and is presently scheduled for a trial *de novo* in the Albemarle County Circuit Court on December 5, 2025.  Virginia Code § 16.1-136; Baylor v. Commonwealth, 190 Va. 116, 56 S.E.2d 77 (1949).

Named plaintiff Claude David Convisser is now facing a second trial in Albemarle County Circuit Court for violation of Virginia Code section 46.2-888, Impeding Traffic, while he

8

was engaged in fulfilling his contrary duty under subsection (B) of Virginia Code section 46.2-833. In effect, this second criminal prosecution treats subsection (A) of Virginia Code section 46.2-833, requiring vehicle operators to move forward on a green light, as taking precedence over subsection (B), despite the statutory language to the contrary ("[n]otwithstanding any other provision of law," appearing in subsection (B)).

The Virginia Constitution provides that justices of the Supreme Court of Virginia and judges of the lower courts of record are elected by the majority of the members of each house of the General Assembly for a fixed term of years. Art. VI, § 7. Virginia Code section 16.1-69.9 provides the same for Judges of the General District Court. It is implausible that a Virginia judge appointed by the state legislature will find a law passed by that legislature to be unconstitutional, as the General District Court Judge demonstrated who found appellant guilty and entered a judgment of conviction on July 1, 2025, despite a general demurrer challenging the constitutionality of the criminal charge under Virginia Code section 46.2-833.

Addressing the question of law posed in this class action under 42 U.S.C. section 1983 is the most appropriate method for determining it, rather than trusting a state judge trying a criminal case, or a Virginia appellate panel, all of whom will be inherently skittish about invalidating a state statute passed by the Legislature that appoints, and must re-appoint, them.

**(C)     The desirability or undesirability of concentrating the litigation of the claims in the particular forum**

The Charlottesville Division of this Court is where the representative parties all live and work. This Court is suitable and desirable for litigating the constitutionality of Virginia Code section 46.2-833 in every respect.

9

**(D)    The likely difficulties in managing a class action**

There are no difficulties in managing a class action on a pure question of law pursuant to Rule 23(b)(3) in this case in which the named plaintiff and two named defendants can properly represent the interests of their respective classes.  As plaintiffs do not seek any award of money damages, strict notice distributed to the class of three million plaintiff Virginia bicycle riders is not necessary.  General notice posted at the Federal Courthouse is sufficient notice to any plaintiffs who may wish to opt out and file separate actions.  Similarly, posting notice at the Federal Courthouse is sufficient for any of the 138 Chiefs of Police responsible for enforcing Virginia Code section 46.2-833 who may want to inform this Court of their own, particular views, although the two named defendants would seem to have all angles covered, judging by the four Scenarios set forth in paragraph 17 of the amended class action complaint.  Docket No. 5-1.

**V.    UNDERSIGNED COUNSEL IS ADEQUATE AND BEST ABLE TO REPRSENT THE INTERESTS OF THE PLAINTIFFS' CLASS OF BICYCLISTS**

As set forth in paragraph 31 of the amended class action complaint and its subparagraphs, undersigned counsel is not only adequate, he is best able to fairly represent the interests of the plaintiffs' class.  Rule 23(g)(1), (g)(2), and (g)(4).

Named plaintiff suspects that the two defendants will not have difficulty either allowing the Attorney General of Virginia to represent the interests of the entire defendants' class, or between them, have their respective Commonwealth's Attorneys do a fine job of representing the entire class of defendants together, or if one defers to the other to take the lead, that one.

VI. **A PROPOSED NOTICE TO CLASS MEMBERS AND A PROPOSED CLASS CERTIFICATION ORDER ARE EXHIBITS 2 AND 3 HERETO**

Named plaintiff submits a proposed Notice as Exhibit 2 for posting at the Federal Courthouse, if this Court certifies this class action under Rule 23(b)(2). Exhibit 3 is a proposed order certifying the class under Rule 23(b)(2).

## CONCLUSION

For the foregoing reasons, named plaintiff respectfully requests that this Court certify this lawsuit as a class action as to both plaintiffs and defendants under Rule 23(b)(2), or in the alternative, Rule 23(b)(1) or 23(b)(3), appoint undersigned counsel to represent the interests of the plaintiffs' class, and grant such further relief as is just.

Respectfully submitted,

CLAUDE DAVID CONVISSER,
Representative Plaintiff, by counsel

Claude David Convisser,
Attorney at Law
Virginia State Bar No. 33799
P.O. Box 7206
Charlottesville, Virginia 22906
5013 South Louise Ave., # 262
Sioux Falls, South Dakota 57108
Tel. 703-438-0071
cdc@popdiesel.com

11