CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
May 21, 2026

LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Claude David Convisser, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 3:25-cv-00065 |
| Sean Reeves | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Michael P. Kochis, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiff Claude David Convisser's motion to set aside final judgment and for leave to amend his complaint, (Dkt. 6), motion to certify class action and appoint class counsel, (Dkt. 7), and motion for leave to make filings by paper, (Dkt. 10). For the following reasons, the court will deny the motion to set aside judgment and for leave to amend the complaint. The court will deny the two other motions as moot.

## I.    Background

On September 2, 2025, Convisser filed a class action complaint seeking class certification under Federal Rule of Civil Procedure 23(b)(2) as well as declaratory and injunctive relief under 42 U.S.C. § 1983. (Dkt. 1.) Specifically, Convisser asked the court to "invalidate Virginia Code section 46.2-833 as violative of the equal protection clause of the Fourteenth Amendment to the United States Constitution." (*Id.* at 1.)

On September 11, 2025, this court entered an order dismissing the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B). (Dkt. 4.) The court rejected Convisser's argument that "bicyclists, upon reaching a red light, are forced to stop and remain stopped even after the light turns green, until two full traffic cycles or two minutes have passed." (*Id.* at 2–3.) The dismissal order explained that the Virginia statute, "plainly read, only regulates a bicyclist's ability to move through a red light." (*Id.* at 3.) Convisser failed to allege facts supporting his claim that the statute is applied to prohibit bicyclists from proceeding forward once a light turns green, "as the citation he incurred was for 'running a red light,' not a failure to remain stopped at that light for the requisite amount of time before moving forward." (*Id.*)

On October 9, Convisser moved the court "to vacate its judgment of September 11, 2025 . . . , grant him leave to amend, and accept the amended class complaint" that he attached as Exhibit 1. (Dkt. 6 at 1.) About a week later, Convisser moved to certify the class action and appoint himself as plaintiffs' class counsel. (Dkt. 7.)

## II. Analysis

Convisser moves to "set aside final judgment" under Federal Rule of Civil Procedure 54. (Dkt. 5 at 1.) But Rule 54(b) provides that "any order . . . *that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . .* may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added). The court's dismissal under § 1915(e)(2)(B) is not an interlocutory order. Rather, "[w]hen a district court dismisses a complaint or all claims without granting leave to amend, its order is final and appealable." *Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (en banc). Thus, a motion seeking to vacate an order dismissing an entire complaint

should be brought under Rule 59(e) or 60(b).  *See Shafique v. Equity Residential*, No. CV DLB-24-1392, 2024 WL 3107480, at *1 (D. Md. May 20, 2024), *aff'd*, No. 24-1575, 2024 WL 4262792 (4th Cir. Sept. 23, 2024) (construing a motion to vacate the court's dismissal of *pro se* plaintiff's complaint as one for reconsideration under Rule 59(e)); *Graham v. Honeywell Int'l, Inc.*, No. CV TDC-21-0310, 2022 WL 4017459, at *2 (D. Md. Sept. 2, 2022) (construing motion for reconsideration and leave to amend after dismissing and closing the case as being pursuant to Rules 59(e) or 60(b)); *Taylor v. DeJoy*, No. CV SAG-22-2366, 2023 WL 5278666, at *3 (D. Md. Aug. 16, 2023).  If this "post-judgment motion is filed within [twenty-eight] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e)." *Mundo-Violante v. Kerry*, No. 5:15-cv-00064, 2017 WL 766911, at *1 (W.D. Va. Feb. 27, 2017) (quoting *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)); *see Sodom v. Walmart Super Ctr.*, No. 6:18-cv-00302, 2025 WL 2181704, at *1 (N.D.W. Va. Feb. 3, 2025). Because Convisser filed his motion to set aside final judgment on October 9, 2025, (*see* Dkt. 6)—28 days after the court's dismissal order—the court will construe Convisser's Rule 54 motion to vacate as a Rule 59(e) motion to alter or amend the judgment.[1]

In addition to vacating the dismissal order, Convisser seeks to amend his complaint.[2] "[A] plaintiff may only amend [his] complaint following a judgment if [he] file[s] a motion to reopen or to vacate the judgment under [Rule] 59(e) or [Rule] 60(b)." *Britt*, 45 F.4th at 793. Where, as here, "reconsideration is sought for the purpose of seeking leave to amend the

---

[1] Convisser may have intended to move under Rule 59, as he expressly notes that his motion was filed within the 28-day deadline that is specific to Rule 59(e) motions.  (Dkt. 5 ¶ 2.)

[2] Convisser moves to amend his complaint under Rule 15(b), which governs amendment "during and after trial."  (Dkt. 5 ¶ 4); *see* Fed. R. Civ. P. 15(b).  The court will construe the motion as being under Rule 15(a), as the requested amendment would be made *before* trial.  *See* Fed. R. Civ. P. 15(a).

complaint, a conclusion that leave to amend should be granted is a sufficient basis to vacate a judgment." *Graham*, 2022 WL 4017459, at *3 (citing *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012)); *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006)). In other words, "[t]o determine whether vacatur is warranted, the court 'need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a).'" *Beg v. Mayorkas*, No. 1:22-cv-01224, 2023 WL 8622288, at *2 (E.D. Va. Nov. 2, 2023), *aff'd*, No. 23-2261, 2024 WL 773595 (4th Cir. Feb. 26, 2024) (quoting *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470–71 (4th Cir. 2011)).

The Fourth Circuit has often stated that district courts should freely grant leave to amend when justice so requires. *See Stanley v. Bocock*, 160 F.4th 573, 580 (4th Cir. 2025); Fed. R. Civ. P. 15(a)(2). But "[w]here amendment would be futile in light of the fundamental deficiencies in Plaintiff's theory, a court may deny a request for leave to amend a complaint." *Beg*, 2023 WL 8622288, at *2 (cleaned up) (quoting *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008)). Amendment is futile and leave can be denied "if the proposed amended complaint fails to state a claim." *Katyle*, 637 F.3d at 471.

The court will deny leave to amend in this case because Convisser's proposed amended complaint still fails to state a plausible claim upon which relief can be granted. The allegations and claims in his proposed amended complaint are largely the same as those in his original complaint. (*See* Dkt. 5-1 [hereinafter "Prop. Am. Compl."].) His central assertion continues to be that Virginia Code § 46.2-833 violates the equal protection clause of the Fourteenth Amendment as applied to bicyclists because it requires bicyclists to "remain stopped and waiting *during part or all of the light's green cycle* for the minimum time duration to elapse." (*Id.*

¶ 16 (emphasis added); *see id.* at 1, 19–23.)  Convisser presents several new arguments and allegations, including (1) video evidence, (*id.* ¶ 18); (2) a set of "factual Scenarios" outlining what he believes are the potential outcomes of complying with the statute, (*id.* ¶ 17); and (3) an emphasis on the meaning of "[n]otwithstanding any other provision of law" in the statute, (*id.* ¶ 13).  But none of these proposed changes and submissions suffice to state a plausible claim for relief.

First, the court is not persuaded by Convisser's argument that it made a legal mistake in its September 11 order by "failing to give meaning to the words, 'Notwithstanding any other provision of law,' at the beginning of its subsection (B)."  (*Id.* ¶ 13(d).)  The court agrees that the plain meaning of this phrase is that subsection (B) be given effect "despite" or "in spite of" any other "incongruous" provision of law.  *See Berry v. Bd. of Supervisors of Fairfax Cnty.*, 884 S.E.2d 515, 525 (Va. 2023) (cleaned up); (*see also* Prop. Am. Compl. ¶ 13.)  But subsection (B) overrides other provisions "only if and to the extent that [(B)] conflicts with those provisions." *Berry*, 884 S.E.2d at 525.

Here, subsection (B) conflicts with subsection (A) *only* insofar as (A) states that moving traffic shall remain stopped at a steady red light "as long as the red signal is shown."  Va. Code Ann. § 46.2-833(A).  *When there remains a steady red light*, subsection (B) conflicts with (A) and enables the bicyclists to proceed through this light under the five specified circumstances:

> Notwithstanding any other provision of law, if a driver of a motorcycle or moped or a bicycle rider approaches an intersection that is controlled by a traffic light, the driver or rider may proceed through the intersection *on a steady red light* only if the driver or rider (i) comes to a full and complete stop at the intersection for two complete cycles of the traffic light or for two minutes, whichever is shorter, (ii) exercises due care as provided by law, (iii) otherwise treats the traffic control device as a stop sign, (iv) determines that it is safe to proceed, and (v)

yields the right of way to the driver of any vehicle approaching on such other highway from either direction.

*See id.* § 46.2-833(B) (emphasis added).

Subsection (B) does *not* conflict with subsection (A)'s declaration that "[g]reen indicates the traffic shall move in the direction of the signal and remain in motion as long as the green signal is given." *Id.* § 46.2-833(A). Convisser's proposed amended complaint overlooks the fact that subsection (B) is cabined to when there remains "a steady red light." *Id.* § 46.2-833(B). The court recognizes that the statute's use of the phrase "for two complete cycles of the traffic light" could *hypothetically* be read to mean that a bicyclist must wait for his own light to cycle between red, green, and yellow twice before proceeding, such that he must remain stopped at a green light. Va. Code Ann. § 46.2-833(B). But common sense precludes this interpretation, as it leads to an absurd result. *See In re Irby*, 858 F.3d 231, 237 (4th Cir. 2017) ("[T]he Supreme Court [] commands that, in interpreting statutes, we are instructed to use not only 'the statutory context, structure, history, and purpose,' but also our 'common sense' to avoid an absurd result." (quoting *Abramski v. United States*, 573 U.S. 169, 179 (2014))); *First United Methodist Church v. United States Gypsum Co.*, 882 F.2d 862, 869 (4th Cir. 1989) (holding that "common sense" is the "most fundamental guide to statutory construction").

Rather, the "two complete cycles" language appears to refer to the traffic lights controlling the *opposite* direction of traffic. Because bicycles may not be heavy enough to trigger the traffic sensors that cause their own traffic light to turn green, they could be forced to wait through multiple cycles of the traffic light controlling the opposite direction of traffic. *See* Jamie M. Rogers, *Law Lets Bikes Run Red Lights*, Patch (Mar. 28, 2011, at 2:19 ET), https://patch.com/virginia/manassaspark/law-lets-bikes-run-red-lights-2. Thus, the Virginia

- 6 -

statute directs the bicyclist to wait for two cycles of these other traffic lights, not the light directing the bicyclist's own lane. The phrase "on a steady red light" at the beginning of subsection (B) further clarifies that the legislature is only imposing a waiting period based on the traffic light cycles for the *other* direction of traffic; once the cyclist's own light turns green, subsection (B) no longer applies because there is no steady red light. Va. Code Ann. § 46.2-833(B).

Because subsection (B) does not conflict with subsection (A), the "notwithstanding" language does not demand that (B) supplant (A)'s requirement to "move in the direction of the signal and remain in motion as long as the green signal is given." *Id.* § 46.2-833(A). Nor does subsection (B) conflict in any way with Virginia Code § 46.2-888's prohibition on "stop[ping] a vehicle in such manner as to impede or render dangerous the use of the highway by others." *Id.* § 46.2-888. A bicyclist does not have any inconsistent or contradictory duties under the provisions, such that Virginia Code § 46.2-833 easily survives rational basis review. Additionally, the video evidence and four "scenarios" presented in the proposed amended complaint do not contain any factual allegations that this provision has been enforced as Convisser interprets it (*i.e.,* that law enforcement has required bicyclists to remain stopped after their own light turns green).

The proposed amended complaint does not state a claim upon which relief can be granted, such that the proposed amendment would be futile. *See Katyle*, 637 F.3d at 471. Accordingly, the court **DENIES** Convisser's motion to set aside judgment and for leave to amend. (Dkt. 6.) The court also **DENIES** Convisser's motion to certify class action and

appoint class counsel, (Dkt. 7), and motion for leave to make filings by paper, (Dkt. 10), as moot.

The Clerk is further directed to forward a copy of this Order to Convisser.

**IT IS SO ORDERED.**

**ENTERED** this 21st_ day of May, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE